FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

2015 SEP 15  AM 8: 42

**KELSEY MORTON**

    **Plaintiff,**

v.

CASE NO.:

8:15 cv 2141 T 17 MAP

**Bright House Networks, LLC, a
Delaware corporation**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff, Kelsey Morton, by and through undersigned counsel, sues Bright House Networks, LLC, and states as follows:

### PRELIMINARY STATEMENT

1.    Plaintiff brings this action pursuant to Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

### JURISDICTION AND VENUE

2.    Federal subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331, as Plaintiff brings, among other claims, claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* Supplemental jurisdiction exists over the state law claims pursuant to 28 U.S.C. § 1367.

1



3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to the claims and injuries occurred in the Middle District of Florida.

4. Venue is proper in this district because the Plaintiff suffered the injury in Hillsborough County, Florida.

## PARTIES

5. Plaintiff Kelsey Morton ("Morton" or "Plaintiff") is a natural person who resides in Hillsborough County, Florida. Plaintiff is a "consumer," as that term is defined by Fla. Stat. § 559.55(2) and is also a person as that term is used in 47 U.S.C. § 227.

6. Defendant, Bright House Networks, LLC, ("Bright House" or "Defendant") is a Delaware corporation, does business in the State of Florida, and is a "person" under Fla. Stat. § 559.72 and 47 U.S.C. § 227.

7. Defendant, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication to communicate with Plaintiff.

8. The conduct of Defendant was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant, and/or they knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

9. Plaintiff Morton entered into an agreement with Bright House for services. During the course of that agreement, Plaintiff is alleged to have become behind on her payments and is alleged to have owed money to Defendant ("the Alleged Debt").

10. Beginning in June 2015 and continuing until August 2015, Defendant engaged in a campaign of harassing collection telephone calls in an attempt to wear down Plaintiff and collect the Alleged Debt.

11. Defendant utilized an automatic or predictive telephone dialing system to contact Plaintiff on her cell phone. In addition, Defendant left prerecorded messages for Plaintiff on her cell phone.

12. Plaintiff told Defendant that Defendant did not have permission to call her cell phone.

13. In spite of Plaintiff's request that calls cease to her cell phone, Defendants continued to make automatically dialed calls and leave prerecorded voice messages to Plaintiffs cell phone.

14. In addition to the automated voice messages, the use of an automatic or predictive telephone dialing system was evidenced by a pause or delay when Plaintiff answered the phone before a collector would connect, the repeated nature of the calls, and the unwavering continuance in the collection call campaign in spite of being told to stop calling. All of these characteristics are common for automatic or predictive dialing machines, and the use of these machines is common in debt collection.

15. Plaintiff informed Defendant that she was unable to take calls during between 8:00 a.m. and 6:00 p.m. due to her employment schedule.

16. In spite of Plaintiff's requests that all calls cease during the hours of 8:00 a.m. and 6:00 p.m. due to the calls disturbing her while at work, Defendants continued to make collection calls to Plaintiff between the hours of 8:00 a.m. and 6:00 p.m.. As a result of the continued calls, Plaintiff received a reprimand from her employer.

17. Plaintiff informed Defendants that she was unable to make payments.

18. In spite of Plaintiff's informing Defendants that she was unable to make a payment, and thus negating any legitimate purpose of the collection calls, Defendant continued to make collections calls to Plaintiff in an attempt to wear her down.

19. As detailed below, Defendant's conduct constitutes a violation of the FCCPA and the TCPA.

## COUNT I

## VIOLATION OF THE FCCPA BY DEFENDANT BRIGHT HOUSE

20. This is an action against Bright House for violation of Fla. Stat. § 559.55 *et seq*.

21. Plaintiff re-alleges and incorporates paragraphs 1 through 19, as if fully set forth herein.

22. Bright House communicated, directly and/or indirectly, certain information to Plaintiff as set forth above, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

23. Fla. Stat. § 559.72 provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

  (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

25. Through its conduct, described above, Bright House directly and through its agents violated the above sections of the FCCPA.

26. All conditions precedent to this action have occurred, have been satisfied or have been waived.

27. Pursuant to Fla. Stat. § 559.77(2), as a result of the above violations of the FCCPA, Bright House is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs.

28. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of Defendant as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

29. Each communication, made in violation of the FCCPA is a separate justiciable issue entitled to adjudication on its individual merits and is eligible for an award of damages. Pursuant to Federal Rule of Civil Procedure 10(b), each violation has been consolidated into a single count to promote clarity.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Bright House, finding that Bright House violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT II

## VIOLATION OF THE TCPA BY DEFENDANT BRIGHT HOUSE

35. This is an action against Bright House for violations of the TCPA, 47 U.S.C. § 227 *et seq.*

36. Plaintiff re-alleges and reincorporates paragraphs 1 through 19, as if fully set forth here-in.

37. Defendant, in the conduct of its business, used an automatic telephone dialing system defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Plaintiff.

38. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

38. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendant placed calls to Plaintiff's cell phone without Plaintiff's express consent using an automatic telephone dialing system.

39. Defendant willfully, knowingly, and intentionally made multiple calls to Plaintiff's cell phone phone utilizing an automatic telephone dialing system after Plaintiff told Defendant that Defendant did not have permission to call Plaintiff's cell phone.

40. All conditions precedent to this action have occurred, have been satisfied or have been waived.

41. As a result of the above violation of the TCPA, Defendant is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

42. Based upon the willful, knowingly, and intentional conduct of the Defendant as described above, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully request this Court enter a judgment against the Defendant: (1) finding Defendant violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Defendant willfully, knowingly and intentionally violated the TCPA and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. Amend. 7 and Fed. R. Civ. P. 38.

Dated: September 14, 2015

Respectfully Submitted,

**CENTRONE & SHRADER, PLLC**
612 W. Bay St.
Tampa, Florida 33606
Phone: (813) 360-1529
Fax: (813) 336-0832

/s/

**BRIAN L. SHRADER, ESQ.**
Florida Bar No. 57251
e-mail: bshrader@centroneshrader.com
**GUS M. CENTRONE, ESQ.**
Florida Bar No. 30151
e-mail: gcentrone@centroneshrader.com
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF
### Kelsey Morton

I, Kelsey Morton, pursuant to 28 U.S.C. §1746, under penalties of perjury, state as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_Kelsey Morton_
Kelsey Morton

9-8-15
Date

9